IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGÉLICA CRISTINA CARABALLO-MELIÁ, et al.,<br><br>    Plaintiffs<br><br>        v.<br><br>ALBERT SUÁREZ-DOMÍNGUEZ, et al.,<br><br>    Defendants | CIVIL NO. 08-2205 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion to voluntarily dismiss the complaint without prejudice (No. 101), as well as Defendant Albert Suárez-Domínguez's ("Suárez") opposition thereto (No. 104). Plaintiffs filed the instant lawsuit pursuant to Article 1802 of the Puerto Rico Civil Code for Defendants' alleged acts of medical malpractice that caused the death of Veronica Melia following gastric bypass surgery. For the reasons stated herein, Plaintiffs' motion for dismissal without prejudice (**No. 101**) is hereby **DENIED**.

**I.   STANDARD FOR DISMISSAL UNDER RULE 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs move to voluntarily dismiss their complaint against all Defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which requires a party to seek leave of the Court before voluntarily dismissing a claim. The United States Court of Appeals for the First Circuit has held that "(t)he basic purpose of

CIVIL NO. 08-2205 (JP)            -2-

Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)). The district court is responsible under Rule 41 for exercising its discretion to ensure that such prejudice will not occur. Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir. 2000). In deciding whether to grant a plaintiff's motion under Rule 41(a)(2), courts generally analyze "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Urohealth Sys., 216 F.3d at 160, quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969). However, a court need not consider each factor or limit its analysis to these factors only. Urohealth Sys., 216 F.3d at 160.

**II. ANALYSIS**

In the case at hand, Defendant Suárez opposes Plaintiffs' motion for a voluntary dismissal without prejudice. Defendant argues that Plaintiffs' claims should be dismissed with prejudice because Plaintiffs filed their notice of voluntary dismissal after Defendants had already filed a motion for summary judgment, and had invested a significant amount of resources in conducting discovery in this case.

CIVIL NO. 08-2205 (JP)          -3-

By way of background, Plaintiffs filed this case on October 22, 2008 (No. 1). An Initial Scheduling Conference ("ISC") was held on March 26, 2009 (No. 33). At said conference, the Court set the pre-trial and trial dates, as well as the discovery schedule in this case. The Court set August 17, 2009, as the deadline for filing dispositive motions. August 31, 2009, was set as the deadline for the parties to oppose any dispositive motions that were filed. Trial is scheduled for October 21, 2009.

In compliance with the ISC Call Order, Plaintiffs announced their three expert witnesses prior to the ISC: Dr. Carlos Ramírez, Dr. Yocasta Brugal, and José Miguel Barletta. The Court ordered Plaintiffs to file their expert witness reports and curriculum vitae on or before April 10, 2009 (No. 33). On July 31, 2009, Plaintiffs moved the Court to substitute Dr. Elliot Goodman, a bariatric surgeon, as an expert witness in place of Dr. Ramírez (No. 74). The reason proffered by Plaintiffs for the substitution is that Dr. Ramírez was previously disqualified as an expert witness before this Court in an unrelated lawsuit.

Although the discovery period was well underway, the Court nonetheless granted Plaintiffs' motion to substitute the expert witness (No. 75). Immediately thereafter, the parties engaged in a dispute over who would be responsible for paying Dr. Goodman's expert witness fees for the taking of his deposition by Defendants. Based on the plain and clear language of the ISC Order, the Court ruled on

CIVIL NO. 08-2205 (JP)          -4-

August 11, 2009, that Plaintiffs would be responsible for covering the fees associated with Dr. Goodman's deposition because they substituted him as an expert at a late stage of the proceedings (No. 85). Plaintiffs moved for reconsideration of said Order, arguing that they did not have the necessary funds to cover Dr. Goodman's expenses, and that they could not find a bariatric surgeon in Puerto Rico to testify on their behalf.[1] Said motion was denied by the Court (No. 102).

On August 17, 2009, Defendant Suárez filed a motion for summary judgment (No. 97). One day later, Plaintiffs filed the instant motion for voluntary dismissal without prejudice (No. 101). In response, Defendant Suárez argued that the burden of expert witness fees does not constitute grounds for dismissal without prejudice at such a late stage of the proceedings. Further, Defendant argues that Plaintiffs should have anticipated the necessary expenses of litigating an action in federal court, which include expert witness fees. Moreover, Plaintiffs have hired Dr. Goodman as an expert witness in the parallel state court case, which lends support to Defendant's argument that Plaintiffs should have considered his overall fees before hiring him.

This Court has held that legal prejudice occurs if a defendant is voluntarily dismissed when he is entitled to a final judgment of

---

1. Dr. Goodman is based in New York, so the expert witness fees would also include the cost of his travel to Puerto Rico.

CIVIL NO. 08-2205 (JP)           -5-

dismissal with prejudice on a summary judgment motion. González v. José Santiago, Inc., 141 F. Supp. 2d 202, 205 (D.P.R. 2001) (Pieras, J.), internal citations omitted. Because Plaintiffs' opposition to summary judgment is not due until August 31, 2009, the Court has yet to determine whether Defendant's summary judgment argument will prevail. Nonetheless, the Court concludes that allowing Plaintiffs to dismiss the instant case without prejudice at this juncture would constitute an undue burden on Defendants, who have actively participated in discovery and have drafted a motion for summary judgment.

### III. CONCLUSION

The Court **DENIES** Plaintiffs' motion for voluntary dismissal without prejudice, and **ORDERS** Plaintiffs to file an opposition to Defendant's motion for summary judgment **on or before August 31, 2009**, as previously stated in the ISC Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of August, 2009.

                                                s/Jaime Pieras, Jr.
                                                  JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE