IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGÉLICA CRISTINA CARABALLO-MELIÁ, et al., Plaintiffs v. ALBERT SUÁREZ-DOMÍNGUEZ, et al., Defendants | CIVIL NO. 08-2205 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' second motion to voluntarily dismiss the complaint without prejudice (**No. 125**), as well as Defendant Albert Suárez-Domínguez's ("Suárez") opposition thereto (No. 127) and Defendant Servicios Médicos Universitarios' opposition thereto (No. 129). Plaintiffs filed the instant lawsuit pursuant to Article 1802 of the Puerto Rico Civil Code alleging medical malpractice on the part of Defendants. For the reasons stated herein, Plaintiffs' motion for dismissal without prejudice is hereby **DENIED**.

Under Federal Rule of Civil Procedure 41(a)(2), a Plaintiff may move for voluntarily dismissal of a case by Court order. The purpose of such rule is to freely permit a Plaintiff to dismiss an action, with court approval, as long as there is no prejudice suffered by any other party. Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 (1st Cir. 1981). The district court is responsible

CIVIL NO. 08-2205 (JP)             -2-

under Rule 41 for exercising its discretion to ensure that such prejudice will not occur. Doe v. Urohealth Sys., 216 F.3d 157, 160 (1st Cir. 2000). In deciding whether to grant a plaintiff's motion under Rule 41(a)(2), courts generally analyze "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Id. at 160 (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). However, a court need not consider each factor or limit its analysis to these factors only. Id. Plaintiffs submit the instant motion requesting a voluntary dismissal without prejudice because Plaintiffs could not afford to produce their expert witness, Dr. Elliot Goodman, for the Court ordered deposition that was scheduled for August 28, 2009.

In the instant case, Defendants efforts in preparing for trial warrant denying the request for voluntary dismissal without prejudice. Defendants have prepared their Initial Scheduling Conference Memoranda, prepared two summary judgment motions,[1] submitted various expert reports, answered Plaintiffs' interrogatories, produced the documents requested by Plaintiffs, and filed and responded to numerous motions. Also, assuming the ISC

---

1.  Although one of them was stricken, Defendant Servicios Médicos Universitarios still spent time and effort preparing the motion.

CIVIL NO. 08-2205 (JP)          -3-

Order has been complied with, Defendants have had to produce various witnesses for depositions to be taken by Plaintiffs. Thus, the Court concludes that granting voluntary dismissal at this stage would cause prejudice to Defendants.

In addition, Plaintiffs have provided the Court with an insufficient explanation for the need to dismiss the action without prejudice. At such a late stage in the proceedings, the burden of expert witness fees is not a sufficient ground for dismissal. The case is a week from the pretrial conference and less than a month from trial. When Plaintiffs requested leave to change their expert witness, they should have anticipated the necessary expenses of producing the expert. Plaintiffs cannot come to the Court, either at this juncture or after Defendant had filed its motion for summary judgment, requesting that the Court dismiss the case without prejudice because of the Plaintiffs' inadequate planning. Accordingly, Plaintiffs' motion for voluntary dismissal without prejudice is hereby **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 24th day of September, 2009.

                                          s/Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE